# IN THE COURT OF APPEALS OF IOWA

No. 18-1922
Filed February 20, 2019

**IN THE INTEREST OF J.R., D.R., and H.R.,**
**Minor Children,**

**R.J.R., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

A father appeals a permanency order placing his two children in a guardianship. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, P.L.L.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

M. Kathryn Miller of Juvenile Public Defender, Des Moines, guardian ad litem for minor children.

Considered by Vogel, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A father appeals a permanency order placing his two children, born in 2004 and 2005, in a guardianship.[1]  He contends (A) the record lacks clear and convincing evidence to support the grounds for a guardianship and a guardianship is not in the children's best interest; (B) the district court should not have entered a dispositional order without the benefit of a social investigation report; (C) his attorney was ineffective in failing to appeal the dispositional order; and (D) the district court erred in denying his motion to enlarge and amend its findings and conclusions.

**I.    *Background Facts and Proceedings***

The case began after law enforcement officers visited a home to conduct a welfare check.  They found the house to be "uninhabitable."  According to a report, it "was in complete disarray and filthy," with "[t]rash . . . everywhere" and an "overwhelming," "foul odor," of "trash, feces, and urine."  The toilet "consisted of a five-gallon pail with a hole in the lid."  The kitchen was filled with "numerous containers of spoiled food and unknown substances."  The house lacked continuous running water and electricity, which were dependent on a manually-activated backyard generator.  Following the inspection, law enforcement officers contacted the department of human services about the children in the home.

The district court ordered the children to be temporarily removed.  They were placed with a relative.  The State subsequently petitioned to have them adjudicated in need of assistance.  At the adjudicatory hearing, the department

---

[1] A third child has a different father and is not a subject of this appeal.

case manager testified the mother had "a considerable history of approximately three years-ish of methamphetamine use" and the children saw both parents using the drug. The district court adjudicated the children in need of assistance.

At a later dispositional hearing, the father stipulated to all but one of the department's recommendations. Specifically, the father agreed to continued adjudication of the children as in need of assistance; continued placement of the children with the relative; and participation in reunification services including mental health and substance-abuse counseling, and scheduled visitation, pursuit of sobriety, and maintenance of an appropriate living environment. He reserved one issue which, in his view, implicated the department's obligation to make reasonable reunification efforts. The district court confirmed the adjudication and left the children in the relative's care. Following another hearing, the court rejected the parents' challenge to the State's reunification efforts. In the end, the court filed a permanency order transferring custody and guardianship of the children to the relative. The court reasoned "the age of the children, bond established, and potential loss of public benefits and inheritance" militated in favor of this option rather than termination of parental rights. The father appealed.[2]

## II.    Analysis

### A.    Grounds for Guardianship

Iowa Code section 232.104(2)(d)(1) (2017) allows a court to enter a permanency order transferring guardianship and custody of a child to a suitable person. Ordinarily, this option is not preferred over the termination of parental

---

[2] The mother's appeal was dismissed for failure to file a timely petition on appeal.

rights. *See In re B.T.*, 894 N.W.2d 29, 33 (Iowa Ct. App. 2017). But the best interests of a child may warrant exercise of the option. *Id.* at 34.

The father takes issue with the following findings of the district court: (1) the parents were offered certain reunification services; (2) the parents did not request additional services; (3) the parents continued to struggle with issues that prompted the children's removal; (4) the parents did not make parenting their children a priority; and (5) the children's preference to remain where they were was given outsized value. On our de novo review, we are not persuaded by these contentions, which we will address together.

At the hearing on the parents' reasonable-efforts motion, the department case worker testified the department had "probably gone above and beyond the time frame and what we've done as compared to the average case." We concur in this assessment.

The department offered the father six drug tests to confirm his sobriety. The father submitted to the first two, testing positive for methamphetamine on both. He declined to provide samples for the remaining four. Although he "attempted to attend substance abuse therapy" at several facilities, the department reported that he "continued to show behaviors throughout the life of this case that has brought concerns of continued usage."

The department also offered the father supervised visits with his children. When the father sought expansion of these visits, the case worker responded that compliance with drug testing was a prerequisite. The department additionally expressed concern with the father's behavior at visits. For example, the caseworker reported the father minimized illegal behavior when speaking to his

children, recorded the children during visits, accused the children of being disrespectful and of stealing the family cat, and spoke to the children with hostility. In light of these behaviors, we conclude the department did not violate its reasonable-efforts mandate by declining to expand visits.

The department provided other services as well, including individual and family counseling. Although the department curtailed family therapy sessions after discovering the therapist had a conflict of interest, reinstatement of the sessions was stymied by the father's unwillingness to follow through with drug testing. As the caseworker testified, the father's "refusal to comply with requested drug testing does not allow for reasonable assurance that [the parents] are actively working on recovery and are able to safely parent without the use of drugs." This barrier to reunification diminished the utility of family therapy.

We recognize the department caseworker also considered the children's reluctance to engage in family therapy when he decided not to search for another family therapist. Contrary to the father's assertion, this was a permissible consideration, given the ages of the children. *See In re A.S.*, 906 N.W.2d 467, 478 (Iowa 2018) (distinguishing affirmance of guardianship in *In re B.T.* on the ground that the ten-year-old child in that case wished to continue a relationship with his mother).

Based on this record, the district court could have terminated the father's parental rights to the children. The court opted not to invoke this remedy in the hopes that the parent-child relationship, however fraught, might repair itself over time. The court's decision is in the children's best interests. On our de novo

review, we conclude the district court appropriately transferred guardianship and custody of the children to the relative.

### B.    Dispositional Order

The father next asserts the district court "erred when it entered a dispositional order without receiving a social investigation and report pursuant to Iowa Code section 232.97." The State responds that the father failed to appeal the dispositional order and thereby waived any claim of error. We agree. *See In re Long*, 313 N.W.2d 473, 475 (Iowa 1981).

### C.    Ineffective Assistance of Counsel

The father next contends his attorney was ineffective in failing to appeal the dispositional order. *See Strickland v. Washintgon*, 466 U.S. 668, 687 (1984); *In re D.W.*, 385 N.W.2d 570, 580 (Iowa 1986). The father must establish deficient performance and prejudice. *See Strickland*, 466 U.S. at 687.

In the father's view, deficient performance was established by counsel's failure to insist on receipt of a social investigation report prior to entry of the dispositional order. He is correct that Iowa Code section 232.97 precludes the district court from making "a disposition of the petition until five working days after a social report has been submitted to the court and counsel for the child and has been considered by the court." He is also correct that the record contains no indication that a social investigation report was prepared or received. We do not condone the department's failure to comply with section 232.97. But the father cannot establish *Strickland* prejudice.

The department caseworker testified the purpose of the report was "to get the background information on past histories and possible family issues." He said

he learned about matters that would have been covered in the report from other sources. For example, he learned about the strained relationship between the father and the relative with whom his children were placed, knew the father's educational background, and spoke to the father about his "past issues." He opined those matters appeared elsewhere in the record. Because the caseworker knew the father's background and issues, we conclude there was no probability of a different result had counsel appealed the dispositional order and challenged the State's noncompliance with section 232.97.

### D. Motion to Enlarge

The father moved to enlarge the district court's findings and conclusions. He essentially challenged the district court's fact findings mentioned in Part A above and the State's noncompliance with section 232.97, discussed in Part C. The district court summarily denied the motion.

On appeal, the father contends denial of the motion was "in err[or]." Having addressed the issues he raised in the motion, we find no reason to consider this brief point further. To the extent the father's motion to enlarge addressed issues not raised on appeal, those issues have been waived.

We affirm the district court's permanency order placing guardianship of the children with the relative.

**AFFIRMED.**